UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DANNY M. KELLY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 21-10944-LTS |
| | ) | |
| EBAY, INC., | ) | |
|     Defendant. | ) | |

ORDER

September 20, 2021

SOROKIN, J.

On June 3, 2021, Danny M. Kelly, a resident of Chelmsford, Massachusetts, filed a *pro se* complaint (Docket No. 1) against eBay, Inc., pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c).

On July 8, 2021, this Court issued a Memorandum and Order (Docket No. 4) granting Kelly leave to proceed *in forma pauperis* and advising him that his complaint is subject to dismissal. The order noted that to the extent the complaint is construed to allege violation of state law, such as common law fraud or breach of contract, the complaint failed to allege the defendant's citizenship and failed to sufficiently establish that the amount in controversy exceeds $75,000.

The July 8, 2021 Memorandum and Order also outlined the legal impediments to Kelly's civil RICO claim. The order explained that the complaint failed to identify which subsection plaintiff believes the defendant violated and also failed to allege sufficient facts to plausibly show at least two predicate acts of racketeering. Additionally, the order stated that the complaint failed to sufficiently plead the precise foundation for his RICO claims. Kelly was directed to file an amended complaint curing the pleading deficiencies and setting forth a plausible claim upon which

relief may be granted.

On July 20, 2021, Kelly filed an amended complaint (Docket No. 5).  Although Kelly clarifies that the defendant is a California corporation that is incorporated in Delaware, the amended complaint does not assert any state law claims.[1]  *Id.* at p. 1.  Kelly simply iterates and expands on his civil RICO claim.  To state a claim under § 1962(d), the plaintiff has to successfully allege all the elements of a RICO violation under § 1962(c), plus "plus allegations that each RICO co-conspirator knowingly joined the conspiracy and involved himself or herself, directly or indirectly, in the commission of at least two predicate offenses."  *Dickey v. Kennedy*, 583 F. Supp. 2d 183, 188 (D. Mass. 2008) (citations and internal quotation marks omitted).  Because RICO's private right of action is available to persons who have been injured "by reason of" a substantive RICO violation, a plaintiff may sue "only if the alleged RICO violation was the proximate cause of the plaintiff's injury."  *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453 (2006) (citing *Holmes v. Secs. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)).

Kelly's amended complaint, as did his original complaint, recounts a series of unsuccessful efforts to obtain a refund for orders that he placed for a waffle iron and a sprayer that were never delivered to him.  Am. Compl. at p. 5 - 8.  He alleges that the "cause [of action] is based upon eBay's fraudulent acts relating to 18 § 1341, 1343 against Plaintiff in violation of RICO act 18 U.S.C. § 1962(d) with civil action under 18 U.S.C. § 1964."  *Id.* at p. 1-2.  Kelly complains that "eBay is participating in interstate wire fraud and mail fraud, violating criminal statutes 18 § 1341, 1343."  *Id.* at p. 3.  Kelly again complains that eBay fails to "refund the money on any 'no delivery' claim per eBay's guarantee" by accepting false tracking numbers from sellers.  *Id.* at p. 4.  Kelly

---

[1] In footnote 1 of the complaint, Kelly states that his claim is in the "$100 range" and that there is "no practical recourse for breach of contract for eBay's clearly criminal fraud activities."

alleges that the defendant "has decided to be part of and encourage wire/mail fraud with their false guarantees to and abuse of buyers who have been subjected to wire/mail fraud." *Id.* at p. 8. He further contends that the defendant is "[w]illfully racketeering with sellers to commit wire/mail fraud on unsuspected buyers such as the Plaintiff in violation of RICO laws. *Id.*

Here, the amended complaint fails to state a RICO conspiracy claim under 18 U.S.C. § 1962(d). The elements necessary to show the existence of a RICO enterprise are clearly lacking. Plaintiff's allegations are conclusory and are insufficient to present to permit this action to proceed. No further opportunity to amend is necessary.

Based on the foregoing, and in accordance with the Court's Memorandum and Order dated July 8, 2021, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge